STATE *vs.* JOSEPH N. ROBALEWSKI.

MAY 23, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J.  This is an indictment for escape from the adult correctional institutions.  The defendant pleaded not guilty and not guilty by reason of insanity and was tried thereon by a justice of the superior court who found him guilty.  The case is here on the defendant's bill of exceptions to the denial of his motion to dismiss the indictment, to the decision, and to the admission of certain testimony adduced by the state's cross-examination of the defendant's witness.  His other exceptions being neither briefed nor argued are deemed to be waived.

The facts are undisputed.  On October 14, 1959 defendant was sentenced and duly committed to the adult correctional institutions for violation of a deferred sentence agreement which he had entered into with the attorney general on October 16, 1954.  On that day he was arraigned in the superior court on a complaint charging him with a misdemeanor and pleaded nolo contendere thereto whereupon by reason of such agreement the trial justice formally deferred sentencing him.  See G. L. 1956, §12-19-19.  A sentence of nine months in the adult correctional institutions was later imposed because of his violation of the agreement.  While serving that sentence he escaped on December 18, 1959.

At the conclusion of the state's evidence defendant moved to dismiss the indictment on the ground that the superior court was without jurisdiction to defer the imposition of sentence for a misdemeanor and therefore his commitment to the adult correctional institutions was void.  He also contended that it was void because it violated §12-19-8.  Relying upon the validity of such contentions he argues that he was lawfully entitled to depart peaceably from the institutions, as he did, without first resorting to legal process.

In our opinion such contentions are without merit.  The first is lacking in this respect because it is predicated upon an erroneous construction of §12-19-19, pursuant to which the superior court is authorized to defer the imposition of

sentence in certain circumstances whenever "any prisoner shall be arraigned before" it "and shall plead guilty, or refuse to contend with the state * * *." The defendant argues that the use of the word "arraigned" therein clearly indicates that the section was intended to apply only to felonies. In support of such argument he cites 22 C.J.S. Criminal Law §406, p. 1108, where it is stated that to be arraigned is to be called to answer the accusation contained in the indictment. On the strength of that statement he contends that in misdemeanors the accused is not charged by indictment and therefore there is no arraignment in such cases.

We think this is a strained construction, to say the least, and moreover it is not justified by a fair reading of the entire text of 22 C.J.S. Criminal Law §406. Indeed the black-letter text does not state the rule so narrowly but rather expresses it broadly as follows: "To arraign a prisoner is to call him to the bar to answer the accusation." Accusation is the generic term and includes informations and complaints as well as indictments. And so further in that section it is stated: "The rules governing arraignment and pleading have been applied alike to proceedings by indictment and proceedings by information."

Nor do the cases cited by defendant support him. It appears to us they do no more than hold that arraignment is not *necessary* in cases of misdemeanor, not that it is impermissible or improper. And, even on the point of necessity, there is a division of authority. 14 Am. Jur., Criminal Law, §250, p. 940; 22 C.J.S. Criminal Law §407, p. 1109. In any event, regardless of authority elsewhere to the contrary if there be any, we hold that arraignment is proper in misdemeanor prosecuted by complaint as well as in felony prosecuted by indictment. Hence in the case at bar the trial justice did not err in applying §12-19-19 on defendant's arraignment and plea of nolo contendere on October 16, 1954.

In view of such holding there appears no valid reason for concluding that §12-19-19 was intended to authorize the superior court to defer imposition of sentence only in the case of an indictment. On the contrary there is strong reason for giving the section a liberal construction that would allow a broad and comprehensive rather than such a limited and narrow application. It is manifestly a remedial statute and therefore should unquestionably receive a liberal construction. It obviously confers a benefit upon the accused and where he stands before the superior court, whether charged with a felony or a misdemeanor, this benefit ought to be available to him. The record does not indicate that the practice in that court heretofore has been otherwise. However, defendant states that he has reviewed every case involving a deferred sentence which has been considered on appeal by this court and that none was a complaint charging a misdemeanor. This circumstance is of dubious value in the construction of a statute, and we do not accord it any persuasive force.

But defendant further argues in support of his position that §8-2-35 implies that the superior court may arraign only persons presented by a grand jury. This is a wholly unwarranted construction as a mere reading of that section readily discloses. It is as follows: "The superior court may arraign all persons presented by a grand jury, and may require such persons to plead to the indictment against them, if in custody, or if taken while said court is in session; and if not in custody, or taken as aforesaid, may issue writs of capias on such indictments, returnable to the same or to the next session of said court in the same county." In our opinion this does no more than prescribe a method for bringing an accused before the superior court upon the return of an indictment if he is not already in custody. An implication that it was intended to limit arraignments to indictments only is decidedly remote if not entirely nonexistent.

The defendant's second contention, namely, that the deferred sentence of October 16, 1954 was void because it violated §12-19-8, is also lacking in merit. That section reads as follows:

"Suspension of sentence and probation by superior court.—Whenever any defendant shall appear for sentence before the superior court, the court may impose a sentence and suspend the execution thereof. The suspension of the execution of such sentence shall place the defendant on probation for such time and on such terms and conditions as the court may fix.

"The period of probation may be for a shorter or longer period than the time of the sentence imposed, but in no event shall such probation exceed the longest period for which the defendant might be sentenced upon conviction."

In our opinion such provision refers only to a suspended sentence and has obviously no application to a deferred sentence. The two are not the same. A suspended sentence is one actually imposed but the execution thereof is thereafter suspended. A so-called deferred sentence is never imposed unless the defendant violates his written agreement with the attorney general. Moreover, the time within which he may be subject to the imposition of sentence for such reason is expressly limited by §12-19-19, which section is not applicable to a suspended sentence under §12-19-8.

The defendant finally contends that the trial justice erred in overruling his objection to the state's cross-examination of Dr. Herbert H. Myers on a matter not inquired into in direct examination. The defendant called the doctor to identify two reports of medical examinations of defendant which the doctor had made on November 10, 1959 and May 23, 1960. After the doctor identified the reports and after they were admitted in evidence as exhibits, defendant did not interrogate him further. It appears from the reports that defendant was suffering from a "character disorder."

The trial justice apparently concluded that defendant's purpose in introducing the reports in evidence was to cast doubt upon the legal presumption of his sanity. Consequently he overruled defendant's objection to the following question in cross-examination: "Doctor, based on your examination of this defendant, do you have an opinion as to whether or not Joseph N. Robalewski was suffering from a defect of reasoning due to disease of the mind so as not to know the nature and quality of the act he committed, or if he did know the nature and quality so as not to know it was wrong?"

The defendant complained that this was an effort on the state's part to elicit the opinion of the witness as to the mental state of defendant on the dates of his medical examinations, a matter concerning which the doctor had not been interrogated at all on direct examination. In overruling the objection the trial justice first inquired of defense counsel if he had introduced the medical reports for the purpose of showing that defendant was "mentally off." Upon receiving an affirmative answer he observed that such was also his understanding of the purpose of the exhibits and therefore the state's question was not beyond the scope of such evidence and was therefore admissible.

In the circumstances we are of the opinion that the trial justice did not err. It is clear from the transcript that the only possible objective of the defense in introducing the medical reports in evidence was to bring to the attention of the trial justice as the trier of the facts the opinion of Dr. Myers indirectly that defendant had some form of a mental disorder. This being so the state was entitled to develop the precise opinion of the witness as to the nature and extent of such disorder, if any. Accordingly, the doctor's answer was: "I feel that at the time I examined him in November, 1959 and in May of 1960 that he was not suffering from a mental disease."

302

We perceive no prejudice to the defendant in eliciting this opinion of the doctor by cross-examination rather than by the state making the doctor its own witness. And this is especially true in the posture of this case where the trial justice was sitting as the trier of the facts as well as the law. In any event we think the allowance of the question was so closely related to the real nature and purpose of the direct examination as to constitute a reasonable exercise of the trial justice's discretion to control cross-examination. *State* v. *Campbell*, 95 R. I. 370, 187 A.2d 543; *York* v. *Ventilato*, 80 R. I. 192.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Abedon, Michaelson & Stanzler, Milton Stanzler, Richard A. Skolnik*, for defendant.