527 P.2d 494

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gerald Lloyd WOOD, Defendant-Appellant.**

**No. 1377.**

Court of Appeals of New Mexico.

Sept. 25, 1974.

Certiorari Denied Oct. 17, 1974.

Hendley, J., dissented and filed opinion.

Peter B. Shoenfeld, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Louis Druxman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant pled guilty to one count of aggravated sodomy pursuant to § 40A–9–7, N.M.S.A.1953, (2d Repl.Vol. 6) and was sentenced by the district court to ten (10) to fifty (50) years confinement in the penitentiary. Defendant appeals and we affirm.

By indictment, the grand jury of Los Alamos County accused the defendant of six counts of aggravated sodomy and one count of sexual assault. Defendant pled guilty at arraignment to the six counts of aggravated sodomy, and the count of sexual assault was dismissed upon motion of the district attorney. Upon defendant's plea, the court ordered him committed to the department of corrections for sixty days of diagnosis and recommendation prior to sentencing. Following diagnosis, the trial court permitted defendant to with-

draw his plea to five counts of aggravated sodomy, and these counts were dismissed, leaving a guilty plea to one count. The court thereupon deferred sentencing for a period of six months for the purpose of additional evaluation as recommended by the department of corrections. After four months of this evaluatory period had passed, the court entered a judgment and sentence confining defendant in the penitentiary for the period of ten to fifty years. At all appearances before the lower court, defendant was represented by counsel. It is from this sentence and judgment that defendant appeals.

Defendant argues two points for reversal: (1) that the district court was without jurisdiction to sentence defendant following his completion of the six month period of evaluation, and (2) that the district court did not properly advise defendant of all his rights prior to the entry of the plea of guilty, thus preventing him from making an effective, knowing plea.

In his first point defendant contends the order which deferred sentencing for six months was a valid sentence and a valid sentence having been imposed, the trial court had no jurisdiction to impose the statutory sentence for a second degree felony.

We first state what is not involved under this point. There is no issue as to whether a trial court had authority to first order a commitment for diagnosis and thereafter defer imposition of sentence. Section 40A–29–15, N.M.S.A.1953 (2d Repl.Vol. 6). There is no issue as to whether after ordering a diagnostic commitment, the trial court had authority to require "additional evaluation" in deferring imposition of sentence. Section 40A–29–18(D), N.M.S.A.1953 (2d Repl.Vol. 6). Nor is there any issue as to the authority of the trial court to impose the statutory sentence once the period of deferment had expired because the period of deferment had not expired when sentence was imposed. See § 40A–29–22, N.M.S.A.1953 (2d Repl.Vol. 6).

What is involved is the claim that having deferred imposition of sentence for six months in order to obtain "additional evaluation," the trial court had no jurisdiction to impose the statutory sentence after receiving that evaluation.

The statute under which the district court is authorized to make such a deferral, § 40A–29–15, supra, reads in part as follows:

"*Order deferring or suspending sentence—Diagnostic commitment.*—Upon entry of a judgment of conviction of any crime not constituting a capital or first degree felony, any court having jurisdiction when it is satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may either:

"A. enter an order deferring the imposition of sentence; * * *."

The length of this period of deferral may be for any period of time so long as it does not exceed the maximum length of the term of imprisonment which could have been imposed. Section 40A–29–19(A), N.M.S.A.1953 (2d Repl. Vol. 6).

The deferral in no way represents a suspension or a final sentence, at least for purposes of jurisdiction. State v. Soria, 82 N.M. 509, 484 P.2d 351 (Ct.App. 1971). The deferral was ordered for the purpose of "additional evaluation as recommended by the Department of Corrections." This was done. The order deferring sentence not amounting to a sentence, the statutory sentence subsequently imposed was not a second sentence, but the first sentence imposed in the case. Accordingly, the facts do not show a second sentence raising a double jeopardy issue and do not show any absence of authority in the trial court to impose the statutory sentence. State v. Wright, 202 N.W.2d 72 (Iowa 1972); State v. Robalewski, 96 R.I. 296, 191 A.2d 148 (1965).

The order of judgment and sentence, as finally rendered, is in error in that it purports to sentence defendant for six counts of aggravated sodomy.

Defendant pled guilty to one count only, as the record shows, and the other counts were dismissed. Accordingly, the cause is remanded for the purpose of imposing a sentence upon the defendant consistent with the count under which he was convicted. State v. Sanchez, 82 N.M. 585, 484 P.2d 1295 (1971).

 Defendant's second point is not properly before this court for review, since the trial court did not rule on the voluntariness of the guilty plea. State v. Vigil, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973). Therefore, we may not consider this issue.

The conviction is affirmed. The cause is remanded for correction of the order of judgment and sentence in conformance with this opinion.

It is so ordered.

WOOD, C. J., concurs.

HENDLEY, J., dissents.

HENDLEY, Judge (dissenting).

I disagree with the majority opinion. They avoid the real issue, that is, what is the sentencing authority of the trial court?

I agree with the majority that the second order was a valid order but to say that "[t]he order deferring sentence *not amounting to a sentence*" is beyond the scope of the statutory scheme of sentencing and certainly beyond any language in the statutes.

The first order of the court was made pursuant to § 40A–29–15(C), supra. Once this section was used the trial court either had to sentence or suspend or defer sentence. The second order, if valid, was a deferred sentence with conditions (certainly not traditional conditions but nonetheless conditions)—§§ 40A–29–18(D), supra and 40A–29–19(A), supra. At this point, in order to sentence defendant there must be a breach or violation of the condition. There is no authority, either by statute or case law, to sentence without a breach or violation of the conditions. The record is totally void of any violation. In fact, the contrary is true. Thus, the trial court was without any authority to sentence. Defendant should have been permitted to serve his six months deferred sentence and then be released, unless of course, there was a violation—§ 40A–29–22, supra.

I also feel the foregoing is buttressed by the fact that § 40A–29–23, supra, makes a deferred sentence a final judgment for purposes of appeal. This is a recognition of at least two things: (1) possible unreasonable conditions imposed on a defendant; and (2) finality in lieu of sentencing.

I respectfully dissent.