659 P.2d 918

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**David GARCIA, Defendant-Appellant.**

No. 5899.

Court of Appeals of New Mexico.

Feb. 3, 1983.

Grace B. Duran, Arturo J. Gallegos, Las Cruces, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Ann M. Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Convicted of three counts of contributing to the delinquency of a minor contrary to § 30–6–3, N.M.S.A.1978, following the entry of a plea of "no contest," defendant appeals.

Defendant raises four issues on appeal: (1) claim of ineffective assistance of trial counsel; (2) claim of invalidity of his plea agreement because of undue influence, coercion and duress; (3) claim of abuse of discretion in denying withdrawal of the plea bargain; and (4) claim of lack of jurisdiction in the trial court to impose a final judgment and sentence. We dismiss defendant's appeal herein, since it is neither an appeal from a final order, nor a proper interlocutory appeal.

The facts underlying this appeal are somewhat complex and unusual in their nature. Defendant was originally charged with the commission of thirty-four felony counts.

On October 23, 1981, three days prior to the date the case was scheduled for trial by jury, defendant appeared before the trial court and entered into a plea and disposition agreement whereby he agreed to plead guilty to three counts of contributing to the delinquency of a minor, as alleged in Counts 4, 12 and 18 of the grand jury indictment. The State agreed to dismiss all of the remaining charges. Under the terms of the written plea agreement approved by the court, no disposition as to sentencing was agreed upon.

On October 26, 1981, defendant filed a written motion to set aside the plea and disposition agreement alleging that at the time that he entered into such agreement he was ill with the flu and that, when he agreed to the plea bargain, he was denied effective assistance of counsel. Following a hearing, the trial court denied defendant's motion and found defendant was properly represented by counsel. Prior to imposing any final judgment or sentence, the trial court entered an order filed November 2, 1981, permitting defendant an interlocutory appeal from the court's order denying his motion, pursuant to § 39–3–3(A)(3), N.M.S.A.1978. Following review by this court, an order was entered on November 16, 1981, denying permission to perfect the interlocutory appeal on the issue of the trial court's refusal to allow the withdrawal of defendant's pleas and remanding the case for further proceedings.

Thereafter, on January 20, 1982, the trial court entered an order stating in part:

### ORDER DEFERRING IMPOSITION OF SENTENCE

. . . .

[T]hat the defendant shall undergo a psychiatric evaluation at the Forensic Unit of the New Mexico State Hospital and shall remain at the New Mexico State Hospital for as long as is needed to conduct said evaluation and that sentence in the above numbered cause be, and it hereby is, deferred until such time as that evaluation is completed and thereafter, the defendant shall be returned to the court for sentencing.

. . . .

The defendant is advised by the court that he has a right to appeal the judgment and disposition of this court; * * * that if any appeal is to be taken, it must be filed within ten days of the date of the filing of this order deferring imposition of sentence.

Defendant on January 22, 1982, filed a notice of appeal from the court's order dated January 20, 1982. On February 27, 1982, the Court of Appeals, by memorandum opinion, dismissed defendant's second appeal on the grounds that the trial court was proceeding under § 31–20–3(C), N.M.S.A. 1978 (1981 Repl.Pamp.), in ordering a presentence diagnostic evaluation, that the "order appealed from deferred the imposition of sentence until certain psychiatric evaluations were completed," and that the case was "not final for purposes of appeal until a sentence is imposed." *State v. Morris,* 69 N.M. 89, 364 P.2d 348 (1961).

On April 23, 1982, defendant was transported to the Forensic Unit at the New Mexico State Hospital to undergo forensic evaluation pursuant to an order of the trial court which set out in applicable part: "that the order deferring imposition of sentence entered January 20, 1982, shall stand and that defendant David Garcia shall be taken into custody . . . and transported to the Forensic Unit of the New Mexico State Hospital no later than Friday, April 23, 1982." On July 12, 1982, the diagnostic evaluation was completed and defendant was returned to Dona Ana County to await final sentencing.

On July 30, 1982, the court entered an order directing that defendant undergo a second commitment at the Forensic Unit of the New Mexico State Hospital. The order entered by the court provided:

### ORDER DEFERRING IMPOSITION OF SENTENCE

This matter having come before the court for sentencing on July 23, 1982, and the defendant having previously been adjudged guilty of three counts of contributing to the delinquency of a minor contrary to Section 30–6–3, N.M.S.A.1978, * * * and the court having reviewed the report of the psychiatric evaluation prepared by the Forensic Unit of the New Mexico State Hospital and being sufficiently advised in the premises, finds that sentence should be deferred.

IT IS THEREFORE ORDERED * * * that defendant be * * * transported to the New Mexico State Forensic Hospital * * * for an indeterminate period of

treatment and *upon the said hospital's determination that defendant's release is necessary, that he be brought back before this court for sentencing.*

IT IS FURTHER ORDERED * * * that defendant shall present himself to the Dona Ana County Jail by 7:00 p.m. on August 2, 1982, the night before the defendant is to be transported. [Emphasis provided.]

Defendant filed his third appeal herein on August 2, 1982, directed to the court's order of July 30, 1982. Defendant, after filing his notice of appeal, did not report as specified in the order for treatment at the New Mexico State Hospital. The trial court issued a bench warrant for defendant's arrest on September 14, 1982, and defendant was taken into custody and held at the Dona Ana County Jail.

On September 24, 1982, prior to the time that defendant's pending appeal had been perfected, the trial court held a sentencing hearing and entered a judgment which provided in applicable part as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant's plea of nolo contendere to three counts of contributing to the delinquency of a minor, contrary to Section 30–6–3, N.M.S.A.1978, be, and it hereby is, accepted by the court and the defendant is hereby adjudged guilty of the aforesaid charge.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED pursuant to a sentencing hearing duly held to determine if mitigating or aggravating circumstances exist to warrant the alteration of the statutory basic sentence that there are neither mitigating nor aggravating circumstances which warrant the alteration of the statutory basic sentence.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant * * * shall serve a term of eighteen months for each count of contributing to the delinquency of a minor and upon completion of said period of incarceration, the defendant shall serve a period of one year on parole on each count.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that the three above-mentioned eighteen month terms shall be served by the defendant consecutively.

(A) *Jurisdiction to Enter Judgment and Sentence*

The defendant on appeal contends that the trial court was without jurisdiction to impose a final sentence upon him or to enter the judgment on September 24, 1982, since the defendant had a pending appeal from the order deferring imposition of sentence dated July 30, 1982.

The State argues that under the provisions of N.M.R.Crim.P. 57.1, N.M.S.A.1978 (1980 Repl.Pamp.), the trial court retained jurisdiction to correct or modify the entry of its prior sentence despite the pendency of defendant's appeal from the court's order deferring imposition sentence dated July 30, 1982.

Rule 57.1, *supra,* provides in applicable part as follows:

(a) **Correction of Sentence.** The district court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) **Modification of Sentence.** The district court may reduce a sentence within thirty days after the sentence is imposed, or within thirty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within thirty days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction.

■ Since defendant's appeal was pending from the trial court's order of July 30, 1982, the trial court was without jurisdiction to conduct a sentencing hearing on September 24, 1982, and to enter a judgment and sentence on that date. The filing of the notice of appeal on August 2, 1982, left the trial court without jurisdiction to

impose final sentence until the pending appeal was disposed of by this court. Upon the filing of a notice of appeal from an order, the trial court loses jurisdiction of the case, except for the purpose of perfecting the appeal. *State v. White,* 71 N.M. 342, 378 P.2d 379 (1962); *State v. Maples,* 82 N.M. 36, 474 P.2d 718 (Ct.App.1970); *compare Hodgson v. Mahoney,* 460 F.2d 326 (1st Cir.), *cert. denied,* 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488 (1972); *United States v. Mock,* 604 F.2d 336 (5th Cir.1979).

As specified in the Committee Commentary to N.M.R.Crim.P. 57.1, *supra,* "Under this rule, no modification of sentence can be considered by the trial court after the filing of a notice of appeal. However, the trial court may modify the sentence within 30 days after receipt of the mandate."

The filing of defendant's appeal from the court's order dated July 30, 1982, deprived the trial court of jurisdiction to impose sentence until final disposition by this court of defendant's pending appeal. Rule 57.1, *supra,* does not authorize the imposition or modification of a sentence during the pendency of an appeal.

(B) *Validity of the July 30, 1982 Order*

■ The trial court's order of July 30, 1982, directing that defendant be transported to the State Hospital for an indeterminate period and then be returned to the district court for sentencing was not a valid sentence permitted by law, nor did it constitute a final judgment and sentence for purposes of an appeal. Under § 31–20–3, N.M.S.A.1978 (1981 Repl.Pamp.), permitting a diagnostic commitment prior to sentencing, the legislature has imposed a 60 day maximum limitation on such commitments and the court is without authority to impose a second diagnostic commitment or an indefinite commitment in the same cause.

Nothing in the record indicates that defendant was mentally incompetent or incompetent to stand trial or submit to final sentencing, so as to invoke the provisions of N.M.R.Crim.P. 35, N.M.S.A.1978 (1980 Repl. Pamp.) or § 31–9–1, N.M.S.A.1978. Further, defendant did not enter a plea of guilty but mentally ill, as provided in § 31–9–3(C), N.M.S.A.1978 (1982 Cum. Supp.).

The sentencing alternatives available to the court upon conviction of defendant are set out in *State v. Kenneman,* 98 N.M. 794, 653 P.2d 170 (Ct.App., 1982). There this court stated:

> Once the defendant's plea was accepted and judgment entered, the court had four options. It could sentence the defendant and execute the sentence, committing him to prison. Section 31–20–2, N.M.S.A. 1978 (Repl.Pamp.1981). It could commit the defendant for a sixty day diagnostic term. Section 31–20–3(C), N.M.S.A.1978 (Repl.Pamp.1981). It could sentence the defendant and suspend the execution of the sentence. Section 31–20–3(B), N.M.S. A.1978 (Repl.Pamp.1981). Or it could enter an order deferring the imposition of the sentence. Section 31–20–3(A), N.M.S. A.1978 (Repl.Pamp.1981).

■ Where the sentence imposed is a suspended sentence, or where defendant is ordered incarcerated and commitment has begun, the court cannot later increase or alter the sentence to add additional factors. *State v. Baros,* 78 N.M. 623, 435 P.2d 1005 (1968); *Deats v. State,* 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972). Under a deferred sentence, however, no sentence having been imposed, the court may give any sentence it could have originally ordered. *State v. Kenneman, supra; State v. Hernandez,* 97 N.M. 28, 636 P.2d 299 (Ct.App.), *cert. denied,* 97 N.M. 242, 638 P.2d 1087 (1981); *State v. Wood,* 86 N.M. 731, 527 P.2d 494 (Ct.App.), *cert. denied,* 86 N.M. 730, 527 P.2d 493 (1974).

Defendant contends that the court's order of July 30, 1982, was a final valid sentence and that the trial court was without jurisdiction to enter its subsequent judgment and sentence on September 24, 1982. The State argues, however, that the trial court's order of July 30 was not authorized by law and under N.M. Rule 57.1, the court still retained jurisdiction to enter its final judgment. The State argues the July order was invalid because pursuant to § 31–20–7(A),

N.M.S.A.1978 (1981 Repl.Pamp.), a defendant may not be given a deferred sentence for an "indeterminate period," and Section 31–20–7(A), *supra*, sets out a limiting factor applicable to deferred sentences, requiring that "the total period of deferment shall not exceed the maximum length of the term of imprisonment which could have been imposed." Additionally, the State asserts that the court's order was not a final order since it expressly sought to retain the power to sentence defendant after the period of commitment to the State Hospital had ended.

■ Although we agree with the State's contention that the trial court's order of July 30, 1982, was not within the range of sentencing or diagnostic options permitted under the Criminal Sentencing Act, § 31–18–12 to § 31–18–21, N.M.S.A.1978, the pendency of defendant's appeal from that order deprived it of jurisdiction to enter its subsequent judgment and sentence of September 24, 1982.

■ The July order entered by the court was ambiguous on its face. It contained both language purporting to enter a deferred sentence and language expressly retaining jurisdiction to impose sentence following defendant's second commitment to the Forensic Unit of the State Hospital. Where the language of a judgment is clear and unambiguous, it must be given effect as it is written, *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978); however, when the meaning is ambiguous, the pleadings and other documents of record may be resorted to for purposes of construing the meaning of the judgment. *Mundy & Mundy, Inc. v. Adams,* 93 N.M. 534, 602 P.2d 1021 (1979). In light of the court's express provision in its July order specifying that "upon the . . . [State] hospital's determination that defendant's release is necessary, that he [then] be brought back before this court for sentencing," we think it is clear that the order constituted neither a final order imposing sentence nor a judgment deferring sentence.

■ A final judgment in a criminal case is one which either (1) adjudicates the defendant to have been convicted of a criminal offense and imposes, suspends or defers sentence or (2) dismisses all of the charges against the defendant. Section 31–20–3, N.M.S.A.1978 (1981 Repl.Pamp.); *see United States v. Lanham,* 631 F.2d 356 (4th Cir.1980). For purposes of appeal, an order deferring or suspending sentence is deemed a final judgment. Section 31–20–10, N.M. S.A.1978 (1981 Rep.Pamp.).

■ A conviction may be entered when the defendant is found guilty of a criminal charge by verdict of the jury, upon the defendant's confession of guilt or a plea of nolo contendere, or after trial to the court without a jury followed by a finding by the court that the defendant is guilty of the crime for which he is charged. Section 30–1–11, N.M.S.A.1978. A conviction refers to a finding of guilt and does not include the imposition of sentence. *Padilla v. State,* 90 N.M. 664, 568 P.2d 190 (1977); *State v. Gallegos,* 92 N.M. 370, 588 P.2d 1045 (Ct.App.), *cert. denied,* 92 N.M. 353, 588 P.2d 554 (1978).

■ Since the order of July 30 was not a final order or a judgment deferring sentence, an appeal from such order was proper only if it complied with the requirements of § 39–3–3(A)(3), *supra,* and N.M.R. Crim.App. 203, N.M.S.A.1978, pertaining to interlocutory appeals in criminal cases. *See United States v. Valenzuela,* 584 F.2d 374 (10th Cir.1978). Rule 203, *supra,* specifies that in order to perfect an interlocutory appeal, appellant must make application within ten days of the entry of the order complained of to the appropriate appellate court. Subsection (b) further provides:

(b) **Content of petition.** The petition shall contain a statement of the facts necessary to an understanding of the controlling question of law determined by the order of the district court; a statement of the question itself; and a statement of the reasons why a substantial basis exists for a difference of opinion on the question and why an immediate appeal may materially advance the termination of the litigation.

The trial judge did not certify that defendant's appeal herein involves a controlling question of law. Defendant did not comply with the requirements for perfecting an interlocutory appeal and hence the appeal must be dismissed for failure to properly perfect the appeal. Despite the fact that defendant's appeal must be dismissed for non-compliance with the procedural requirements of law, during the pendency of this appeal jurisdiction in the case was transferred to this court upon the filing of defendant's notice of appeal, and the trial court was without jurisdiction to impose further sentence upon defendant until the disposition by this court of the appeal. The filing of an appeal divests the trial court of further jurisdiction in the cause, other than to enter orders necessary to perfect the appeal. *State v. White, supra; State v. Maples, supra.* When an appeal is filed an appellate court determines whether it has jurisdiction in the matter. *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947); *see also Rice v. Gonzales,* 79 N.M. 377, 444 P.2d 288 (1968).

Under the facts herein defendant's appeal must be dismissed. Upon remand to the trial court and revestiture of jurisdiction in the district court, the court is directed to accord defendant another sentencing hearing and to consider the presence or absence of any mitigating or aggravating circumstances which may affect the sentence to be imposed. Section 31–18–15.1, N.M.S.A.1978 (1981 Repl.Pamp.). Since we have determined that defendant has not properly perfected his appeal herein from a final order or a valid interlocutory appeal, the other issues asserted by defendant on appeal are not properly before us at this time.

Defendant's appeal is dismissed without prejudice and the cause remanded to the trial court for entry of a final judgment and sentencing.

IT IS SO ORDERED.

WALTERS, C.J., and NEAL, J., concur.