This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO. 34,852

**SHIRLEY JACKSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant Shirley Jackson appeals following her entry of a guilty plea admitting a probation violation and seeks reversal of the denial of her motion to

dismiss the petition for probation revocation. [DS 1; RP 186] Defendant asserts she moved to dismiss the petition for probation revocation on the ground that the adjudication hearing was not commenced within the time limit prescribed by Rule 5-805 NMRA. [DS 2] In this Court's notice of proposed disposition, we proposed to dismiss for lack of a final order or because Defendant waived her right to appeal. [CN 2] Defendant filed a memorandum in opposition, which we have given due consideration. Remaining unpersuaded, we dismiss.

{2}	Defendant asks this Court to construe a plea document and order committing her to jail as a final order. [MIO 2–3] In support of her argument, Defendant points to the plea document containing hand-written language stating, "[Department of Corrections] for nine years from [September] 9, 2014, with credit for pre-sentence confinement and time served." [MIO 3; RP 186] We note, however, that this language refers to Defendant's understanding of the range of possible sentences for the violation and not a sentence actually imposed. It appears from a review of Odyssey that a subsequent commitment order was entered on November 9, 2015, ordering Defendant to complete a sixty-day diagnostic evaluation at the Department of Corrections, but no judgment and sentence has been ordered. We therefore conclude Defendant's probation revocation is non-final and dismiss for lack of a final order. *See*

*State v. Garcia*, 1983-NMCA-017, ¶ 25, 99 N.M. 466, 659 P.2d 918 (holding that, in a criminal case, the final judgment is the judgment and sentence or an order dismissing all the charges against the defendant); *see also Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268 (holding that when a final judgment has not been entered, an appellate court lacks jurisdiction and must dismiss).

{3}     As we noted in our proposed disposition, even if we concluded Defendant's case was final, which we do not, Defendant waived her right to appeal by entering an unconditional plea. [CN 3] Defendant concedes her plea was unconditional but asks this Court to use its discretion to consider the merits of her argument, because, she argues, the  district court lacked jurisdiction to revoke her probation. [MIO 3-4] This Court may consider jurisdictional issues for the first time on appeal following entry of a voluntary guilty plea. *See State v. Chavarria,* 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (recognizing that a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds, but that an illegal sentence (such as one not authorized by the applicable statute) may be challenged for the first time on appeal). However, as Defendant acknowledges, dismissal of a probation revocation petition based on violation of time limits is discretionary. *See* Rule 5-805(L) ("[T]he court *may* dismiss the motion to

revoke probation for violating any of the time limits in this rule." (emphasis added)). [MIO 4] Thus, the district court did not lack jurisdiction to accept Defendant's guilty plea. We therefore conclude Defendant does not raise a jurisdictional issue that can properly be considered for the first time on appeal after an unconditional plea and decline to consider the merits of her motion to dismiss the revocation petition.

{4}     Accordingly, for the reasons stated above and this Court's notice of proposed disposition, we dismiss.

{5}     **IT IS SO ORDERED.**

 

                                       _____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**RODERICK T. KENNEDY, Judge**