This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36997

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GILBERT HOLGUIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from the district court's orders revoking his probation and establishing pre- and post-sentence confinement credit and probation credit, arguing that the evidence was insufficient to support the district court's finding that he was a fugitive and that the district court denied him approximately one year and nine months of credit. Defendant also raises five additional undeveloped arguments pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*,

1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. Because we conclude that the State did not meet its burden to establish that Defendant was a fugitive, we remand for a hearing to determine proper probation credit, but otherwise affirm.

## BACKGROUND

**{2}**     In October 2008, Defendant pleaded no contest to thirteen misdemeanor and felony counts after consolidating three criminal cases. The district court sentenced Defendant to eighteen years less seven days of incarceration but suspended all but four years of his sentence and ordered probation following his release.

**{3}**     In 2011, Defendant pleaded no contest to violating his probation. The district court revoked Defendant's probation and sentenced him to an additional five years of imprisonment. Following the district court's entry of a new judgment and order, Defendant filed a petition for habeas corpus, arguing that the district court had incorrectly calculated his confinement credit. In April 2013, the district court granted Defendant's habeas petition, finding that Defendant was entitled to credit for six years and sixty-three days. The district court did not, however, set forth any explanation for its calculation or how it had arrived at that number. And while the order stated that the district court would issue an amended judgment and sentence to reflect the new calculation, it failed to do so. Consequently, Defendant sought certiorari review with the New Mexico Supreme Court under Rule 12-501 NMRA, and in July 2013, our Supreme Court remanded the case to the district court for entry of an amended judgment and sentence.

**{4}**     In the interim, Defendant's case was assigned to a different district judge, who, following the Court's remand, held a hearing in November 2013. At that hearing, the State alerted the district court to the possibility that the court's earlier calculation in the habeas order was incorrect and noted that the State had been unable to reach the same calculation. The State proposed a new calculation, to which Defendant agreed. The new calculation credited Defendant with less time than the habeas order by approximately one year and nine months. On November 15, 2013, the district court entered an amended judgment and sentence reflecting the new, agreed upon calculation.

**{5}**     In October 2016, Defendant violated his probation again by failing to report to the probation office as required. Defendant had begun the process of transferring his probation to Colorado earlier that year but never reported to sign the application for transfer. He provided an address in Colorado Springs to his probation officer as part of the transfer process, but before the transfer was complete, Defendant absconded to Colorado. The State filed a petition to revoke his probation in October 2016, stating that Defendant had absconded from supervision as of September 30 and obtained a bench warrant for his arrest.

**{6}**     Defendant's probation officer testified that Defendant was arrested in Colorado Springs on a domestic charge around March 27, 2017. The record shows that

Defendant was served with the bench warrant in this case on June 3, 2017, but is otherwise silent regarding the two months between Defendant's arrest in Colorado Springs and service of the warrant. The record does not indicate, for example, how or where Defendant was served, nor does it reveal how or when Defendant returned to New Mexico.

**{7}** Defendant pleaded no contest to absconding, among other probation violations. Shortly thereafter, he filed a motion for proper credit, arguing that the district court should not deny him probation credit for the time he was in Colorado and that the district court should award him credit consistent with the time calculated in the 2013 habeas order. In October 2017, the district court held a hearing on the State's petition and found that Defendant had absconded from supervision and was a fugitive for seven months—from November 2, 2016 until June 5, 2017—and that Defendant was not entitled to probation credit for that time. The district court's order establishing credit also effectively denied Defendant's request for the time set forth in the habeas order. Defendant now appeals.

## DISCUSSION

### I. The State Did Not Meet Its Burden to Establish That Defendant Was a Fugitive

**{8}** Defendant challenges the district court's finding that he was a fugitive during the time he was in Colorado. We review the district court's finding for substantial evidence. *State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Under this review, we "must resolve all disputed facts in favor of the district court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary." *Jimenez*, 2004-NMSC-012, ¶ 14 (internal quotation marks and citation omitted).

**{9}** A defendant is entitled to credit for all time served on probation unless the district court determines that the defendant is a fugitive. NMSA 1978, § 31-21-15(B)-(C) (1989, amended 2016) ("[C]redit shall be given for time served on probation . . . . If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice."); *Jimenez*, 2004-NMSC-012, ¶ 8 (stating that Section 31-21-15(B) and (C) "indicate that all time served on probation shall be credited unless the defendant is a fugitive" (alteration, internal quotation marks, and citation omitted)). "The State bears the burden of proving that the defendant is a fugitive," and must show either "(1) it unsuccessfully attempted to serve the warrant on the defendant *or* (2) any attempt to serve the defendant would have been futile." *State v. Neal*, 2007-NMCA-086, ¶ 30, 142 N.M. 487, 167 P.3d 935. In addition, "the state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the National Crime Information Center (NCIC) database in order to support a finding of fugitive status." *Id.* ¶ 31; *see also Jimenez*, 2004-NMSC-012, ¶ 15 ("[T]he [s]tate's failure to enter the warrant into the

NCIC database . . . weighs heavily against a finding that the [s]tate acted with due diligence in this case."). "At a minimum, the state must present some evidence that raises a reasonable inference that the warrant could not be served with reasonable diligence." *Neal*, 2007-NMCA-086, ¶ 34 (internal quotation marks and citation omitted).

**{10}** In this case, the State argues that any attempt to serve the warrant on Defendant would have been futile because Defendant had absconded to Colorado. At the probation revocation hearing, the State presented evidence of its efforts to locate Defendant before the warrant issued. Defendant's probation officer testified that he tried contacting Defendant by phone on three different days and left messages each time. He also went to Defendant's last known address and while there, spoke with Defendant's nephew, who informed him that Defendant was no longer staying there. And at some point after Defendant had stopped reporting, Defendant's probation officer attempted to call Defendant again and spoke to his wife, who said she believed he was still in New Mexico. The State argues that this evidence, coupled with Defendant's admission to absconding, establishes that it made an effort to locate Defendant and raises "a reasonable inference that the warrant could not be served with reasonable diligence." *Id.* (internal quotation marks and citation omitted).

**{11}** Defendant argues that his location was not "unknown" during the period in question and the State failed to exercise due diligence to locate him. Defendant testified, and his probation officer confirmed, that Defendant had provided his address in Colorado Springs before he absconded. Although the State had Defendant's address on file, Defendant's probation officer testified that he made no attempt to contact Defendant in Colorado, nor did the State establish that it made any effort to contact or locate Defendant after the warrant issued. Moreover, the State did not establish that it entered the warrant into the NCIC database. The State, acknowledging that it must ordinarily prove that it entered the warrant into the NCIC database in order to support a finding of fugitive status, attempts to overcome this omission based solely on the fact that Defendant had entered a no contest plea to absconding. However, we have previously rejected the idea that a defendant's admission to absconding is sufficient to establish that he was a fugitive. *See Jimenez*, 2004-NMSC-012, ¶ 15 (declining to affirm an implicit finding that a defendant was a fugitive where the state "made no showing that the warrant was entered into the NCIC database, that it attempted to serve [the d]efendant with a warrant, or that any attempt to serve [the d]efendant would have been futile").

**{12}** Given that the State had address information for Defendant in Colorado Springs but made no effort to contact him there, we cannot say that the State's efforts were reasonable, particularly when coupled with a lack of evidence that the warrant was entered into the NCIC database. Under these circumstances, we must conclude the State's evidence was insufficient to support a finding that Defendant's location was unknown or that it would have been futile for the State to attempt to serve Defendant. *Neal*, 2007-NMCA-086, ¶¶ 32-34 (holding that even though the state entered the warrant into the NCIC database, the state's evidence was insufficient to support a finding that it would have been futile to attempt to serve the defendant because the

state never attempted to serve the defendant with the warrant or prove that his location was unknown). We reverse the district court's finding that Defendant was a fugitive and remand for a hearing to determine the proper credit to be given against Defendant's sentence. *See Jimenez*, 2004-NMSC-012, ¶ 16.

## II. The District Court Did Not Err in Calculating Pre- and Post-Sentence Confinement Credit

**{13}** Defendant also challenges the district court's calculation of pre- and post-sentence confinement credit, alleging the court erred by failing to apply the credit calculation contained in the 2013 habeas order. On appeal, Defendant argues that he had a reasonable expectation of finality in the credit awarded to him through habeas such that the denial of credit violates his right to be free from double jeopardy, and that the order is now the law of the case. As an initial matter, Defendant's reliance on the doctrine of law of the case is misplaced. *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶¶ 40-41, 125 N.M. 721, 965 P.2d 305 (observing that "[g]enerally, the law-of-the-case doctrine stands for the proposition that the law applied on the first appeal of a case is binding in the second appeal of that case" and the doctrine "is discretionary and flexible" and "it will not be used to uphold a clearly incorrect decision" (internal quotation marks and citation omitted)).

**{14}** We also reject Defendant's double jeopardy argument. As the State points out, the habeas order in this case was given effect by the district court's subsequent entry of an amended judgment and sentence, a fact that Defendant fails to acknowledge or address on appeal. *See State v. Moreland*, 2007-NMCA-047, ¶ 13, 141 N.M. 549, 157 P.3d 728 ("It is well settled that until a sentence for the crime is imposed, there is no final judgment in a criminal case."); *see also State v. Garcia*, 1983-NMCA-017, ¶ 25, 99 N.M. 466, 659 P.2d 918 ("A final judgment in a criminal case is one which either (1) adjudicates the defendant to have been convicted of a criminal offense and imposes, suspends or defers sentence or (2) dismisses all of the charges against the defendant."). Defendant likewise failed to seek timely review of that amended judgment and sentence. *See, e.g.*, Rule 5-801(A) NMRA (stating that "[a] motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed"); Rule 12-201(A)(1)(b) NMRA (stating that a notice of appeal shall be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office").

**{15}** Regardless, to the extent that Defendant suggests the district court's order establishing the amount of pre- and post-sentence confinement credit constitutes an additional punishment for a prior conviction and sentence, he has not developed any argument to show that the district court actually imposed additional time, nor has he supported this argument with citation to authority. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments); *State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the d]efendant."); *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (We "will not consider an issue if no authority is cited

in support of the issue and . . . given no cited authority, we assume no such authority exists."). Defendant's only substantive challenge to the district court's credit calculation is that it differs from the calculation set forth in the habeas order. That discrepancy alone, however, does not establish that the court's calculation is incorrect. The order establishing credit is consistent with the amended judgment and sentence and, unlike the habeas order, sets forth a clear explanation showing how the court calculated Defendant's credit. Defendant has not pointed to any error in the district court's calculations below or on appeal. Because Defendant has not shown that the actual credit he has received is erroneous, and otherwise perceiving no error in the district court's calculation of Defendant's pre- and post-sentence confinement credit, we affirm on this point.

### III.     Defendant's Remaining Arguments

**{16}**    Defendant makes several other arguments pursuant to *Franklin*, 1967-NMSC-151, and *Boyer*, 1985-NMCA-029. He contends (1) he was arrested pursuant to illegal warrants; (2) he was illegally supervised by Adult Probation and Parole; (3) he was illegally denied transfer of his probation to Colorado; (4) he received ineffective assistance of counsel; and (5) there was prosecutorial misconduct. Defendant's arguments are insufficiently developed, and, on this basis, we decline to review them. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("This Court requires that the parties adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue presented. . . . We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citations omitted)).

**{17}**    As for Defendant's ineffective assistance of counsel claim, although Defendant has not established a prima facie case for ineffective assistance of counsel on appeal, he is still entitled to pursue a habeas corpus proceeding on this issue. *See generally State v. Dylan J.*, 2009-NMCA-027, ¶ 41, 145 N.M. 719, 204 P.3d 44 (noting that "our Supreme Court stated that Rule 5-802 NMRA habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims." (internal quotation marks and citation omitted)).

### CONCLUSION

**{18}**    For the aforementioned reasons, we reverse the district court's finding that Defendant was a fugitive and remand to the district court to re-determine probation credit consistent with this opinion. Otherwise, we affirm.

**{19}    IT IS SO ORDERED**.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**