614 P.2d 1085

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Paul A. JOHNSON, Defendant-Appellant.**

**No. 4628.**

Court of Appeals of New Mexico.

June 17, 1980.

Rehearing Denied June 30, 1980.

Writ of Certiorari Denied July 22, 1980.

John B. Bigelow, Chief Public Defender, Martha A. Daly, App. Defender, Melanie S. Kenton, Asst. App. Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

This case was placed on the summary calendar with affirmance proposed. The defendant has filed a memorandum in opposition to summary affirmance. We affirm.

■ Defendant was convicted of a fourth degree felony and sentenced to a basic term of eighteen months imprisonment, plus two years parole. Defendant contends that § 31–18–15, N.M.S.A. 1978 (Supp.1979), only

authorizes a period of parole where the actual time of imprisonment plus the period of parole does not exceed the basic sentence. We disagree.

Section 31–18–15, *supra*, states in part:

A. If a person is convicted of a non-capital felony, the basic sentence of imprisonment is as follows:

\*      \*      \*      \*      \*      \*

(4) for a fourth degree felony, eighteen months imprisonment.

\*      \*      \*      \*      \*      \*

C. The court shall include in the judgment and basic sentence of each person convicted of a first, second, third or fourth degree felony, authority for a period of parole to be served in accordance with law after the completion of any actual time of imprisonment. The period of parole shall be deemed to be part of the sentence of the convicted person.

The plain wording of the statute is that the sentencing court must add a period of parole which is to be served upon the completion of the basic sentence. The period of parole is to be in addition to the basic sentence and is considered a part of the sentence of the convicted person. There is no restriction placed upon the period of parole except that it be for a reasonable period of time consistent with the needs of the individual.

■ Defendant also contends that the facts recited in the docketing statement do not support an instruction and the conviction of aiding and abetting. We disagree. The defendant was seen closing the car door, goods were missing from the car, the defendant did not have the goods in his possession when he was seen near the car, the defendant was seen getting into a car with two others two blocks away, and the goods were later found at the defendant's home. The facts support the inference that the defendant aided another in the burglary. *State v. Ochoa*, 41 N.M. 589, 72 P.2d 609 (1937); *See also State v. Mireles*, 82 N.M. 453, 483 P.2d 508 (Ct.App.1971).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.