619 P.2d 572

STATE of New Mexico,
Plaintiff–Appellee,

v.

Nathaniel FREEMAN,
Defendant–Appellant.

No. 4500.

Court of Appeals of New Mexico.

Oct. 2, 1980.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for appellee.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Appellate Defender, Santa Fe, for appellant.

## OPINION

WALTERS, Judge.

Defendant was convicted of burglary in violation of § 30–16–3 B, N.M.S.A. 1978, and of larceny in excess of $100 contrary to § 30–16–1, N.M.S.A. 1978, both fourth degree felonies. He was sentenced to eighteen months in the penitentiary plus two years parole upon completion of his imprisonment. Contending § 31–18–15, N.M.S.A. 1978 (Supp.1979), only authorizes a period of parole not to exceed the actual time of imprisonment and, further, that there was insufficient evidence to establish the necessary elements of the crimes, defendant appeals the trial court's convictions and sentences. We affirm.

■  Section 31–18–15, *supra*, states, in pertinent part:

A.  If a person is convicted of a noncapital felony, the basic sentence of imprisonment is as follows:

*    *    *    *    *    *

(4) for a fourth degree felony, eighteen months imprisonment.

*    *    *    *    *    *

C.  The court shall include in the judgment and basic sentence of each person convicted of a first, second, third or fourth degree felony, authority for a period of parole to be served in accordance with law after the completion of any actual time of imprisonment. The period of parole shall be deemed to be part of the sentence of the convicted person.

We stated in *State v. Johnson*, N.M.App., 614 P.2d 1085 (1980):

The plain wording of the statute is that the sentencing court must add a period of parole which is to be served upon the completion of the basic sentence. The period of parole is to be in addition to the basic sentence and is considered a part of the sentence of the convicted person. There is no restriction placed upon the period of parole except that it be for a reasonable period of time consistent with the needs of the individual.

Defendant's argument that the legislature abandoned its responsibility to fix criminal penalties by failing to set any restrictions on the parole term authorized by § 31–18–15(C) is not persuasive. This issue was not addressed in *Johnson, supra.* Nevertheless, we see no constitutional separation–of–powers infirmity, under the laws in effect in 1979, in the legislature's grant to the judiciary of an unrestricted period–of–parole sentencing authority, any more than there was in its grant to the parole board of the same power to set whatever period of parole the board chose to impose. *See* § 31–21–10 (Laws 1977, ch. 217 § 3) applicable at the time of defendant's offense. Even the current statute, § 31–21–10, N.M.S.A. 1978, does not set a maximum parole period to which the parole board is limited in capital offenses, although a minimum period is legislatively declared. Both the parole board's and the judiciary's discretion have been curtailed in the 1980 amendments to these cited statutes, but there were no time restrictions other than the period "consistent with the needs of the individual" at the time defendant's sentence was imposed. *Johnson, supra.*

*State v. Hovey,* 87 N.M. 398, 534 P.2d 777 (Ct.App.1977), does not require a different result; the provisions of § 31–18–15(C) had not been enacted at the time of the *Hovey* decision, and all parole powers were then reposed by the legislature in the parole board. In accordance with the decision in *State v. Johnson, supra,* it is plain that defendant's first point is without merit.

Appellant's second contention regarding the insufficiency of the evidence is equally without merit. Two eyewitnesses, who were placed on a preprosecution program granting them a year of probation for their testimony, established that appellant committed the crimes as charged. Viewing the evidence in the light most favorable to the State and resolving all conflicts and indulging in all permissible inferences in favor of the verdicts of conviction, *State v. Carter,* 93 N.M. 500, 601 P.2d 733 (Ct.App. 1979), we hold that there was sufficient evidence for the jury to find defendant guilty of the charges beyond a reasonable doubt.

Affirmed.

LOPEZ and ANDREWS, JJ., concur.