705 P.2d 685

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Joe ACUNA, Defendant-Appellant.**

No. 8238.

Court of Appeals of New Mexico.

Aug. 6, 1985.

Paul G. Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet E. Clow, Chief Public Defender, Kathryn Hormby, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

MINZNER, Judge.

Defendant appeals from an amended judgment and sentence, which contains a period of parole in accordance with NMSA 1978, Section 31–21–10(C) (Cum.Supp.1984) and NMSA 1978, Section 31–18–15(C) (Repl. Pamp.1981). This appeal presents the issue of the trial court's jurisdiction to correct an invalid judgment after it has been served in accordance with its express terms. Other issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Henderson,* 100 N.M. 260, 669 P.2d 736 (Ct.App.1983). We affirm.

FACTS

Defendant was convicted, pursuant to a plea and disposition agreement and a guilty plea, of voluntary manslaughter and unlawful taking of a motor vehicle, and as a habitual offender. He was sentenced in June 1982 to three years for voluntary manslaughter and eighteen months for the unlawful taking of a motor vehicle, the sentences to run concurrently. Each of the two sentences was enhanced by one year for the habitual offender conviction, the enhancements to run concurrently with each other, but consecutively to the original sentences.

In May 1984 defendant accepted a certificate of parole and agreed to its conditions. Defendant was released from the penitentiary on June 1, 1984.

On motion by the state, and after notice and a hearing, the district court entered an amended judgment and sentence in December 1984. The amended judgment provided that the sentence of three years for volun-

tary manslaughter would be followed by "a mandatory two-year period of parole," and that the period of eighteen months for unlawful taking of a vehicle would be followed by "a mandatory one-year period of parole." The judgment further provided that "[t]he total period of incarceration * * shall be a total of four (4) years, to be followed by a total period of two years on parole." Counsel for defendant initially agreed to the amended judgment but later withdrew consent.

DISCUSSION

▮ On appeal defendant first contends the amended judgment is an illegal enhancement of a prior sentence. We disagree. The sentence that the trial court is authorized to enter for a noncapital felony has two elements: a basic sentence of imprisonment and the relevant mandatory parole period. *See* § 31–18–15(C); *State v. Johnson*, 94 N.M. 636, 614 P.2d 1085 (Ct. App.1980). Because the June 1982 judgment lacked the required provision for parole, it was an invalid sentence. *State v. Aguilar*, 98 N.M. 510, 650 P.2d 32 (Ct.App. 1982). Although a court that has entered a valid initial judgment and imposed sentence on a defendant may not enhance the sentence by increasing the penalty at a later date, *State v. Castillo*, 94 N.M. 352, 610 P.2d 756 (Ct.App.1980), an invalid sentence may be corrected by the imposition of a proper sentence, even though the defendant has begun to serve the original sentence, *see State v. Aguilar,* and even if the proper sentence is more onerous, *see State v. Peters*, 69 N.M. 302, 366 P.2d 148 (1961). The principle that a sentence cannot be enhanced after it has commenced is not applicable. *Garcia v. United States*, 492 F.2d 395 (10th Cir.), *cert. denied*, 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974). *See also United States v. Thomas*, 356 F.Supp. 173 (E.D.N.Y.1972) (correcting the inadvertent omission of a mandatory provision does not constitute an illegal increase in sentence).

▮ Defendant argues, alternatively, that the trial court lacked jurisdiction over him because he had fully served the terms of the prior judgment. Consequently, defendant urges us to hold that the trial court lacked jurisdiction to resentence him. *See Davis v. Wainwright*, 408 So.2d 824 (Fla.App.1982); *Palmer v. State*, 182 So.2d 625 (Fla.App.1966). The state contends that the court had the power to correct the sentence in this case, because defendant was still serving his sentence when the error was identified and corrected. The state urges us to adopt a rule that permits the sentence to be vacated as void, and a correct sentence entered, because the mandatory period of parole had not expired. *See Llerena v. United States*, 508 F.2d 78 (5th Cir.1975).

Although our cases have recognized that a sentence fully served terminates the trial court's jurisdiction to resentence, *see State v. Baros*, 78 N.M. 623, 435 P.2d 1005 (1968), the question of whether the same principle applies to an invalid sentence is one of first impression. *See Williams v. State*, 81 N.M. 605, 471 P.2d 175 (1970); *State v. Aguilar.* We need not decide that question on these facts.

The sentencing authority expressly provides that the statutory period of parole is part of the sentence. Section 31–18–15(C). Furthermore, the Probation and Parole Act, NMSA 1978, Sections 31–21–3 to –19 (Repl.Pamp.1981 and Cum.Supp.1984), provides for parole "by operation of law." Section 31–21–5(B); *see* § 31–21–10(C). The Act, by its express terms, requires a defendant to serve specific periods of parole. Section 31–21–10(C). During this time, the defendant remains in the legal custody of the institution. Section 31–21–10(D). Similarly, unless the defendant agrees to parole supervision, he remains in the physical custody of the institution. *Id.*

Defendant entered into a parole agreement that satisfied the legislative mandate. *See* Section 31–21–10(C) (an inmate who has been convicted of a first, second or third degree felony and who has served the sentence of imprisonment imposed "shall be required to undergo a two-year period of parole"). At the time the trial court corrected its prior judgment, defendant had

not fully served the sentence imposed upon him.

Although the power of a sentencing court to correct an invalid sentence must be subject to some temporal limitation, *see Breest v. Helgemoe,* 579 F.2d 95 (1st Cir.), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978), that power was not exceeded in the present case. Defendant has not persuaded us that he had any reasonable expectation that he would not be required to serve a period of parole. *See Williams v. State.* The record contains some evidence that the failure to include parole was an oversight rather than an intentional omission. Under these circumstances, the record supports an inference that all parties believed defendant would serve a period of parole after the term of imprisonment. *Cf. Davis v. Wainwright* (although initial sentence had been illegally mitigated, once fully served, trial court lacked jurisdiction to resentence); *Spanton v. Clapp,* 78 Idaho 234, 299 P.2d 1103 (1956) (where judgment became final, and no timely proceedings were taken to cor-

rect it, defendant who had fully served illegal sentence must be discharged).

In analogous circumstances, this court has construed the legislature's intent in determining the sentencing authority of the trial court. *See State v. Soria,* 82 N.M. 509, 484 P.2d 351 (Ct.App.1971). In view of the legislature's expressed intent with respect to parole, we hold the trial court had jurisdiction to correct defendant's sentence while he was serving the period of mandatory parole.

For these reasons, the initial sentence was subject to correction at the time the trial court entered the December 1984 amended judgment. The trial court is affirmed.

IT IS SO ORDERED.

BIVINS, and ALARID, JJ., concur.