864 P.2d 1277

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Kevin Thomas BAKER, Defendant–
Appellant.**

**No. 14,811.**

Court of Appeals of New Mexico.

Oct. 18, 1993.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Charles H. Reid, Albuquerque, for defendant-appellant.

*OPINION*

FLORES, Judge.

■ Defendant appeals from an order denying his motion to correct the sentence imposed after he pled guilty to violating NMSA 1978, Section 66–3–505 (Repl. Pamp.1989) (receiving or transferring stolen vehicle). This case presents the question of whether the parole provisions of the Criminal Sentencing Act, NMSA 1978, §§ 31–18–12 to –21 (Repl.Pamp.1990), apply to statutes such as Section 66–3–505 which prescribe an indeterminate period of imprisonment. Our second calendar notice proposed summary affirmance, and Defendant filed a memorandum in opposition. We have considered Defendant's arguments and are not persuaded. We affirm.

*Facts*

■ Defendant pled guilty to receiving or transferring a stolen vehicle and admitted that he was an habitual offender subject to a one-year enhancement of any sentence. In the plea and disposition agreement the State and Defendant expressed their understanding that the applicable penalty for the charge was a basic sentence of one year and a $5,000 fine. The trial court accepted and recorded the plea and then sentenced Defendant to two years of confinement and ordered that he be placed on parole for one year after release. Defendant takes issue with the parole component of the sentence.

*Discussion*

Section 66–3–505 states that the crime of receiving or transferring stolen vehicles is

a fourth degree felony carrying a sentence of one to five years incarceration, or a fine of up to $5,000, or both. Since Section 66–3–505 is not in the Criminal Code, but does specify the penalty to be imposed, the trial court must set as a definite term the minimum term prescribed by that statute and may also impose the fine prescribed. *See* § 31–18–13(B); *State v. Greyeyes,* 105 N.M. 549, 553, 734 P.2d 789, 793 (Ct.App.) (Section 31–18–13 provides method for establishing the applicable determinate sentence for offenses not contained in the Criminal Code), *cert. denied,* 105 N.M. 521, 734 P.2d 761 (1987).

In response to our proposal to hold that Section 31–18–13(B) applies only to the term of the basic sentence and does not attempt to supplant the Criminal Sentencing Act with respect to parole, Defendant argues that the pertinent penal statutes are ambiguous and should be construed in his favor. *See generally State v. Candelaria,* 113 N.M. 288, 290–91, 825 P.2d 221, 223–24 (Ct.App.1991) (rule of lenity applied to resolve ambiguity in defendant's favor). However, we do not harbor doubts about the construction of the applicable statutes. *Cf. id.* at 290, 825 P.2d at 223 (holding supported by history of statutes; construction urged by State would lead to an unreasonable result).

The language of Section 31–18–13(B) only refers to setting a definite term of imprisonment and makes no mention of parole. *See State ex rel. Barela v. New Mexico State Bd. of Educ.,* 80 N.M. 220, 222, 453 P.2d 583, 585 (1969) ("We are not permitted to read into a statute language which is not there, particularly if it makes sense as written.") Furthermore, a basic sentence of imprisonment and a parole period represent two separate elements of a single sentence. *State v. Acuna,* 103 N.M. 279, 280, 705 P.2d 685, 686 (Ct.App.1985). To read the Criminal Sentencing Act to not permit the imposition of a statutory term of parole would be inconsistent with the legislature's desire to take away the Parole Board's prior authority to vary the length of parole and freeze it into a statutory length. *See* Allison Grace Karslake & Kathleen Kennedy Townsend, *Definite Sentencing in New Mexico: The 1977 Criminal Sentencing Act,* 9 N.M.L.Rev. 131, 135–36 (1978–79). *See also Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992) ("[A]ll provisions of a statute, together with other statutes in pari materia, must be read together to ascertain the legislative intent.").

Defendant argues that imposition of a period of parole would be inconsistent with the parties' agreed-upon understanding that the *basic* sentence for the charge is one year in prison and a $5,000 fine. Since a basic sentence of a term of incarceration is a separate element from a period of parole, *see Acuna,* 103 N.M. at 280, 705 P.2d at 686, we are not persuaded that the plea and disposition agreement covers that latter component of the sentence imposed. Thus, the trial court did not lack authority to impose the statutory term of parole. *Cf. State v. Sisneros,* 98 N.M. 279, 281, 648 P.2d 318, 320 (Ct.App.1981) (once trial court accepted the plea agreement worked out by the parties, it was barred from imposing a sentence which was outside the parameters of the agreement). In fact, imposition of the parole period was mandatory. *See Acuna,* 103 N.M. at 280, 705 P.2d at 686.

We affirm the trial court's order.

IT IS SO ORDERED.

HARTZ and CHAVEZ, JJ., concur.