This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                            **NO. 29,089**

**JONATHAN WISHNESKI,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant appeals his convictions of possession of a stolen vehicle, possession of drug paraphernalia, and concealing identity. He also challenges the legality of his

sentence as a habitual offender and the alleged untimeliness of his sentencing hearing. We affirm.

**BACKGROUND**

Defendant was convicted following a jury trial. Because this is a memorandum opinion and because the parties are familiar with the factual and procedural background, we do not provide a detailed summary here. We refer to the relevant background information in connection with each issue discussed.

**DISCUSSION**

Defendant raises six issues on appeal, arguing that: (1) the district court erroneously admitted a surveillance videotape, (2) insufficient evidence supported the convictions for possession of a stolen vehicle and possession of drug paraphernalia, (3) Defendant did not receive effective assistance of counsel, (4) cumulative error deprived him of a fair trial, (5) his sentence was illegal, and (6) his sentencing hearing was untimely. We address each argument in turn.

**1. Admission of the Surveillance Videotape**

Defendant's theory at trial was that someone else was the owner and driver of the stolen truck. The State sought to introduce a surveillance videotape obtained from the Wal-Mart where police officers encountered Defendant with the truck, which showed Defendant getting out of the truck on the driver's side.

2

Detective Gary Pederson, who was present the night Defendant was arrested at the Wal-Mart, testified that he obtained the videotape from the Wal-Mart sometime after that night. Pederson also testified that he had watched the videotape, that the truck in the videotape was the same truck he saw at the Wal-Mart, and that the clothing worn by the person who got out of the truck on the videotape was consistent with that worn by Defendant on the night in question. He stated that the videotape contained a date and time stamp. But he acknowledged that the videotape had been heavily edited before he obtained it from Wal-Mart and that it included tape from three surveillance cameras. There were parts of the footage of the truck that were cut out, and Pederson could not tell from the tape how many people got out of the truck or who might have entered the Wal-Mart after the truck pulled up. The district court admitted the videotape over defense counsel's objection.

Defendant argues on appeal that the district court erroneously admitted the videotape into evidence. He claims that there was inadequate foundation for admission of the tape because Pederson could not properly authenticate the tape and because the edited tape was incomplete.

"The admission or exclusion of evidence is within the sound discretion of the district court[,]" and we will reverse only if the district court abused its discretion. *State v. Barr*, 2009-NMSC-024, ¶ 29, 146 N.M. 301, 210 P.3d 198. There are two

3

theories supporting the admission of photographic evidence—the "pictorial testimony" theory and the "silent witness" theory. *See State v. Henderson*, 100 N.M. 260, 261-62, 669 P.2d 736, 737-38 (Ct. App. 1983) (explaining the difference between the two theories). The State relies only on the silent witness theory, so we limit our discussion to that theory.

This Court explained in *Henderson* that under the silent witness theory, the photograph "speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness." *Id.* When photographic evidence is offered under this theory, "[a] witness with knowledge must testify that the thing is what it purports to be." *Id.* In this case, Detective Pederson was not able to testify how the videotape was edited or what was removed from the tape in the editing process, and he was not present when the events shown on the videotape occurred. As a result, he could not testify as to what footage was or was not included in the edited form of the videotape.

While it is a close question whether the videotape was admissible, we assume without deciding that there was insufficient foundation supporting its admission. Despite this assumption, we conclude that any error in admitting the tape was harmless.

Because the error involved is non-constitutional error, we will reverse only if we determine "in the context of the specific evidence presented at trial, that it is reasonably probable that the jury's verdict would have been different but for the error." *Barr*, 2009-NMSC-024, ¶ 54. In making this determination, we consider three factors:

> whether there is: (1) substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear minuscule; and (3) no substantial conflicting evidence to discredit the State's testimony.

*Id.* ¶ 56 (footnote omitted).

Regarding the first factor, there is substantial evidence to support Defendant's conviction of possession of a stolen vehicle without reference to the videotape. The videotape was only relevant to show that Defendant had possession of the truck, and we therefore limit our discussion to evidence supporting that element of the crime.

When police responded to a call from Wal-Mart about a truck parked in the fire lane, Defendant was the only person who claimed to have any knowledge about the truck. Defendant repeatedly offered to move the truck. While Defendant claimed the truck belonged to a friend who was shopping in Wal-Mart, police were never able to locate that person. Police determined that the truck was stolen and, when police ultimately searched the truck, they found over 100 documents with Defendant's name

on them. Officer Rivera testified that he had previously stopped the same truck for having no taillights and that Defendant was the person driving the truck on that occasion. This evidence provides strong circumstantial support for the element of possession of the stolen truck.

As for the second factor, the above evidence tying Defendant to the truck was far more extensive than the relatively minuscule amount of evidence of possession revealed by the videotape. The videotape showed nothing relevant to possession other than Defendant getting out of the truck on the driver's side.

Finally, with respect to the third factor, there was countervailing evidence supplied by the witness Annette Pimental. She testified that she was patrolling the Wal-Mart parking lot on the night in question when she passed a truck that she later saw parked in the fire lane. Her description of the truck's passenger was consistent with the police officers' descriptions of Defendant, while she described the driver as being clean-shaven. Although this factor weighs against a determination of harmless error, "[n]o one factor is determinative." *Barr*, 2009-NMSC-024, ¶ 55.

Having assessed the three factors, we conclude that the verdict in this case was probably not impacted by the error in admitting the videotape. *See id.* ¶ 57 (explaining that in non-constitutional harmless error analysis, the question is whether the verdict rendered was impacted by the error). Given the large quantity of evidence

that Defendant had possession of the truck, the impact of the videotape was minimal. *See id.* ¶¶ 60-61 (concluding that error was harmless given the overwhelming evidence of guilt, despite the third factor weighing against harmlessness).

**2.     Sufficiency of the Evidence**

Defendant claims that there was insufficient evidence to support his convictions of possession of a stolen vehicle and possession of drug paraphernalia. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

**a.     Possession of a Stolen Vehicle**

In order to convict Defendant of possession of a stolen vehicle, the jury had to find beyond a reasonable doubt that:

1.     [D]efendant had possession of a semi truck;

2.     This vehicle had been stolen or unlawfully taken;

3.     At the time [D]efendant had this vehicle in his possession he knew or had reason to know that this vehicle had been stolen or unlawfully taken;

4.     This happened in New Mexico on or about the 25th day of April, 2007.

The district court also instructed the jury on constructive possession as follows:

7

A person is in possession of a semi truck or drug paraphernalia when, on the occasion in question, he knows what it is, he knows it is on his person or in his presence and he exercises control over it.

Even if the object is not in his physical presence, he is in possession if he knows what it is and where it is and he exercises control over it.

Two or more people can have possession of an object at the same time.

A person's presence in the vicinity of the object or his knowledge of the existence or the location of the object is not, by itself, possession.

As we discussed in connection with the videotape issue, there was substantial evidence supporting the element of possession. There was also substantial evidence that the truck had been stolen and that Defendant knew or had reason to know that it had been stolen.

The truck's owner, Sydney Lowe, testified that the truck in question was stolen from his property in Asheboro, North Carolina, in March 2007 and that he reported the theft to the Asheboro police. Detective Burton Harvey of Asheboro testified that he investigated the theft of Lowe's truck. Harvey knew that Defendant, who knew how to drive the type of truck that was stolen, lived in Asheboro at the time Lowe's truck was stolen, but that two days after the theft, Defendant was no longer living at his Asheboro residence. Additional testimony established that Defendant lied to

police about his name, his residence, and his date of birth. All of this evidence provided substantial support for the elements of possession of a stolen vehicle.

**b.      Possession of Drug Paraphernalia**

In order to convict Defendant of possession of drug paraphernalia, the jury had to find the following elements beyond a reasonable doubt:

1.      [D]efendant had, in his possession, drug paraphernalia, being a glass pipe used to inhale or ingest or otherwise introduce into the human body a controlled substance;

2.      [D]efendant knew that it was a glass pipe used to introduce into the human body controlled substances;

3.      This happened in New Mexico on or about the 25th day of April, 2007.

We have already quoted the instruction on constructive possession.

The State presented substantial evidence supporting the elements of possession of drug paraphernalia. When police officers were outside the Wal-Mart with Defendant, Officer Rivera saw Defendant put something on top of a water dispenser, and Rivera then heard "something like glass, like a clinking sound, hit the concrete." Rivera looked behind the dispenser and found a slightly broken glass pipe. Defense witness Pimental also saw Defendant leaning against the water dispenser and then, when Defendant moved away from the dispenser, Pimental heard something fall and heard glass break.

9

## 3. Alleged Ineffective Assistance of Counsel

Defendant claims that his trial counsel was ineffective because he failed to object to Detective Harvey's testimony stating that Defendant was in jail during the early part of 2007. There is a two-fold test for proving ineffective assistance of counsel. Defendant must show that (1) counsel's performance fell below that of a reasonably competent attorney, and (2) Defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. Defendant must demonstrate prejudice such that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted).

In this case, the attorneys and the district court discussed Harvey's testimony at the pretrial conference, where it was agreed that Harvey would limit his testimony to the fact that he knew Defendant, that he knew that Defendant was in Asheboro prior to the theft of the truck, and that Defendant was not in the area after the theft. At trial, Harvey apparently blurted out the fact that Defendant was in jail in the early part of 2007, and the prosecutor responded that he was "not concerned about that. Did he live in Asheboro, North Carolina?" Under these circumstances, defense counsel could have reasonably decided not to object as a matter of tactics in order to minimize the

importance of Harvey's comment. We cannot say that this amounted to ineffective assistance of counsel. *State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896 (explaining that failure to object does not establish ineffective assistance). If Defendant wishes to pursue his claim via a habeas corpus petition, he is free to do so. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**4.      Cumulative Error**

Defendant claims that cumulative error deprived him of a fair trial. We have concluded that the only error during trial was harmless error. As a result, there is no basis for concluding that there was cumulative error.

**5.      Habitual Offender Sentence Enhancement**

Defendant argues that the district court imposed an illegal sentence when it (1) sentenced him to one year's parole to follow his one-year sentence of incarceration for his conviction of possession of a stolen vehicle and (2) enhanced the underlying felony sentence with an eight-year sentence under the Habitual Offender Act, NMSA 1978, §§ 31-18-17 to -20 (1977, as amended through 2003). We review de novo the legality of a sentence. *State v. Lovato*, 2007-NMCA-049, ¶ 5, 141 N.M. 508, 157 P.3d 73.

Defendant was convicted of possession of a stolen vehicle on February 13, 2008. On July 9, 2008, the State filed a supplemental criminal information seeking habitual offender enhancement of Defendant's yet-to-be-imposed sentence. The district court held a hearing on the supplemental information on September 2, 2008, and found that Defendant had three prior convictions. The district court sentenced Defendant on October 10, 2008, and imposed a sentence of one year of incarceration plus one year parole (730 days) on the conviction of possession of a stolen vehicle, followed by eight years under the habitual offender statute. The district court also awarded Defendant 441 days of pre-sentence confinement credit.

As we understand Defendant's argument, he maintains that NMSA 1978, Section 31-18-13(B) (1993) permitted a sentence of only one year for the possession-of-a-stolen-vehicle felony. *Id.* (stating that when a defendant is convicted of a crime under "a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall set as a definite term of imprisonment the minimum term prescribed by the statute" (internal citation omitted)); *see* NMSA 1978, § 66-3-505 (1978) (current version at NMSA 1978, § 30-16D-4 (2009) (providing that a person convicted of possession of a stolen vehicle is guilty of a fourth degree felony and shall be sentenced for not less than one year and not more than five years).

12

According to Defendant, this means that the district court could not extend his one-year sentence of incarceration by an additional year of parole.

Defendant offers an additional reason why the district court could not impose a sentence of parole. He maintains that at the time he was sentenced, he had already served more than 365 days in jail, which equated to the completion of his one-year sentence of incarceration on the possession-of-a-stolen-vehicle felony. As a result, Defendant argues, NMSA 1978, Section 31-21-10(C) (2007) precluded the district court from imposing a sentence of parole because Defendant did not serve his felony sentence "in an institution designated by the corrections department," as required by that statute. Because the district court lacked the authority to impose a sentence of parole, Defendant contends, he had a reasonable expectation of finality in his case, and the district court had no jurisdiction to enhance the completed sentence under the Habitual Offender Act. *See Lovato*, 2007-NMCA-049, ¶¶ 10-12 (holding that the defendant's reasonable expectation of finality deprived the district court of jurisdiction to enhance the defendant's sentence under the habitual offender statute because the defendant had completed serving his sentence for the underlying felony before the court enhanced the sentence).

We do not agree for three reasons. First, this Court rejected Defendant's argument under Section 31-18-13(B) in *State v. Baker*, 116 N.M. 526, 864 P.2d 1277

(Ct. App. 1993). In that case, in response to a similar argument, we determined that "Section 31-18-13(B) applies only to the term of the basic sentence and does not attempt to supplant the Criminal Sentencing Act with respect to parole." *Baker*, 116 N.M. at 527, 864 P.2d at 1278.

Second, the pre-sentence confinement credit granted to Defendant by the district court counted as credit against the sentence imposed, which was to be served in the custody of the department of corrections. The fact that Defendant acquired the credit while he was in the custody of the county—rather than in the custody of the department of corrections—is irrelevant. Defendant's contrary reading of Section 31-21-10(C) is overly narrow, strained, and unsupported by authority.

Third, Defendant had not completed his sentence when the district court imposed the enhancement under the Habitual Offender Act and, as a result, the enhancement was proper. The court imposed the underlying sentence and the enhancement on the same day. At that time, Defendant received 441 days of pre-sentence confinement credit against a 730-day sentence (365 days' incarceration plus 365 days of parole). *See State v. Roybal*, 120 N.M. 507, 510, 903 P.2d 249, 252 (Ct. App. 1995) ("A defendant who is on parole . . . is still under sentence[.]"). As a result, Defendant had no reasonable expectation of finality that would preclude enhancement

of his sentence under the Habitual Offender Act. *Id.* (explaining that "a parolee can have no objectively reasonable expectation of finality until the parole period ends").

**6.      Timeliness of Sentencing Hearing**

Defendant argues that the timing of the sentencing hearing violated Rule 5-701(B) NMRA, which provides that "the sentencing hearing shall begin within ninety (90) days from the date the trial was concluded." We are not persuaded. Defendant has not stated that he was prejudiced by the delay in the hearing and, "[i]n the absence of prejudice, there is no reversible error." *State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994).

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions and sentence.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**