This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **NO. 29,337**

**RAKEEM HOLLAND,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lee V. Vesely, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant is appealing from a district court judgment and sentence entered after a jury found Defendant guilty of battery upon a peace officer. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**ADMISSION OF VIDEOTAPE**

The victim in this case provided testimony that a videotape of the incident was an accurate representation of what occurred. [MIO 2-3] Defendant continues to claim that this was inadequate foundation for the admission of the video, because the victim did not share the same perspective as the camera. [MIO 3] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

In his memorandum in opposition, Defendant argues that the tape showed things from a different perspective than the victim, and therefore the victim could not establish that it was a fair and accurate representation. [MIO 4-5] We disagree. *See State v. Henderson*, 100 N.M. 260, 261, 669 P.2d 736, 737 (stating such photographic evidence is admissible "when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness's personal observation"). The tape self-evidently captured whatever it was filming, and to the extent that Defendant is claiming that any material part of the incident

was omitted, he has not pointed to any specifics.  In any event, we believe that foundation was satisfied upon a showing that  the videotape fairly and accurately portrayed the incident in question, [MIO 3] and any other challenge to its content went to weight, rather than admissibility.

**PROSECUTORIAL MISCONDUCT**

Defendant continues to claim that the trial court should have declared a mistrial based on the prosecution's repeated reference to Defendant as an "inmate" of the juvenile correctional facility in violation of a pretrial ruling. [MIO 5] "When an issue of prosecutorial misconduct has been preserved by a specific and timely objection at trial, we review the claim of error by determining whether the trial court's ruling on the claim was an abuse of discretion." *State v. Wildgrube*, 2003-NMCA-108, ¶ 20, 134 N.M. 262, 75 P.3d 862. "Our ultimate determination of this issue rests on whether the prosecutor's improprieties had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807.

As we observed in our calendar notice, Defendant's incarcerated status was probative because it related to an essential element of the case, that the victim was a corrections officer. [RP 60] Defendant argues that the use of the word "inmate" implied an adult incarceration (and conviction); however, this implication was obviated by reference to the fact that it was a juvenile facility. [MIO 1] Moreover, there was also testimony from several CYFD officers. [MIO 2] Regardless of how the individuals of the facility are internally referred to, any negative implication from the use of the word "inmate" was therefore speculative. *See In re Ernesto M.,*

*Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562,  915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

5