This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                                             **No. 30,151**

**FELIX REYES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

    Defendant appeals from the district court's judgment and sentence, convicting him for possession of a deadly weapon by a prisoner, and sentencing him as a habitual

offender to seventeen years imprisonment followed by two years of parole. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that he has demonstrated error. We therefore affirm.

On appeal, Defendant contends that the district court abused its discretion in admitting photographic evidence when the corrections officials reconstructed and thus tampered with the scene prior to taking the photographs. [MIO 4; DS 4] This appeal is pursued under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 1, 6]

In his docketing statement, Defendant framed the issue as one arising under the Fourth Amendment of the United States Constitution, arguing that the officers' illegal actions should have prohibited the admission of the evidence under the fruit of the poisonous tree doctrine. [DS 5] The docketing statement acknowledged that no consent to search was required in prison, but asserted that the obvious taint could not be removed. [Id.]

Our notice observed that the docketing statement did not give this Court any indication why the corrections officers might have lacked authority to search under

the Fourth Amendment that tainted the process. We explained that such an allegation would need to be raised in a motion to suppress the evidence, and there was no indication that Defendant moved to suppress the evidence. *See, e.g.*, *State v. Rivera*, 2008-NMSC-056, ¶ 16, 144 N.M. 836, 192 P.3d 1213 ("The very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand . . . as a sanction to compel enforcement officers to respect the constitutional security of all of us under the Fourth Amendment." (internal quotation marks and citation omitted)). Furthermore, Defendant admitted that no consent to search was required.

It appeared to this Court that defense counsel confused concepts. The pictures of the crime scene were taken after the search. [DS 3] Defendant's issue, therefore, did not appear to us to involve an allegation of an illegal search under the Fourth Amendment requiring suppression. Defendant's complaint seemed to relate to the authenticity of the crime scene as depicted in the photographic evidence. It appeared that this is either a reliability matter that should have been raised in a motion in limine or a credibility matter that should have been explored on cross-examination. There was no indication that Defendant filed a motion in limine to exclude the evidence and, we explained, "it is the role of the factfinder to resolve any conflicts in the evidence and to determine the credibility and weight to afford the evidence." *State v. Dedman*,

3

2004-NMSC-037, ¶ 8, 136 N.M. 561, 102 P.3d 628, *overruled on other grounds by State v. Bullcoming*, 2010-NMSC-007, 147 N.M. 487, 226 P.3d 1.

In response to our notice, Defendant reframes the issue to involve admissibility under the Rules of Evidence. [MIO 4-6] Specifically, Defendant argues that the photographic evidence did not, on balance, satisfy the standard for relevance, because the probative value of the photographs did not outweigh the danger of unfair prejudice under Rule 11-403 NMRA. [MIO 5] In his response, Defendant acknowledges that the photographic evidence is generally relevant and that he did not preserve his claim that the evidence did not satisfy the Rule 11-403 balancing test. [MIO 5-6] Defendant contends that it is a clear abuse of discretion, however. [MIO 6] We do not agree.

As we stated in our notice, the photographic evidence corroborated the officer's testimony and offered visual explanations of the testimony, and therefore was cumulative and permissible. *See State v. Carlton*, 83 N.M. 644, 648, 495 P.2d 1091, 1095 (Ct. App. 1972). We acknowledged that such photographic evidence must be relevant, and its probative value must outweigh any undue prejudice that may result. *State v. Henderson*, 100 N.M. 260, 262, 669 P.2d 736, 738 (Ct. App. 1983). The district court had discretion to admit the evidence, and we will not disturb the ruling without an abuse of that discretion. *Id.* Defendant has not alleged or demonstrated undue or any other prejudice that resulted from the admission of the photographs. As

we pointed out in our notice, Defendant took responsibility for the shank. [DS 3] Where there is no showing of prejudice, there is no showing of error, let alone a showing of fundamental error, which we require for unpreserved claims. *See State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that on appeal the reviewing court will not consider issues not raised in the district court unless the issues involve matters of jurisdictional or fundamental error).

For the reasons set forth in this opinion and in our notice, we affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**