This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                         No. 35,244

JUSTIN ROBERT PERKINS,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Briana H. Zamora, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez
Albuquerque, NM

for Appellee

Todd B. Hotchkiss, Attorney at Law, LLC
Todd B. Hotchkiss
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

SUTIN, Judge.

{1} Defendant has appealed from numerous convictions for unauthorized use or theft of the debit cards of another, pursuant to NMSA 1978, Section 58-16-16(B) (1990). We previously issued a notice of proposed summary disposition. With respect to the first issue raised on appeal, by which Defendant has challenged the admission of surveillance imagery, we proposed to reject the assertion of error. With respect to the second issue raised, by which Defendant has challenged the sufficiency of the evidence to support the convictions, we proposed to reverse. Both Defendant and the State have filed responsive memoranda. After due consideration, we adhere to our initial assessment of the merits.

{2} The pertinent background information and relevant principles of law were previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here and focus instead on the responsive submissions.

{3} Defendant continues to assert that the State failed to properly authenticate the surveillance footage and imagery. [DMIO 10-15] We remain unpersuaded. The officer who procured the evidence testified about both the procedure by which he obtained it from the businesses in which the recordings were generated, and the manner in which he confirmed the nature of its content, based on his familiarity with both of the locations and Defendant's appearance on the date and times in question. [DS 10-12] This was sufficient to establish by a preponderance of the evidence that the footage

and still images were what they purported to be: *i.e.*, visual recordings of Defendant's presence. *See* Rule 11-901(A) NMRA (governing authentication); *see, e.g.*, *State v. Henderson*, 1983-NMCA-094, ¶¶ 7, 12, 100 N.M. 260, 669 P.2d 736 (holding that photographic evidence generated by an ATM machine was properly authenticated where an officer testified that she had requested the film be developed for a specific time and date); *see generally State v. Martinez*, 2007-NMSC-025, ¶ 21, 141 N.M. 713, 160 P.3d 894 ("[I]n considering whether a foundational requirement has been met . . . the trial court must satisfy itself by a preponderance of the evidence . . . when making its decision the trial court is not bound by the rules of evidence . . . [and accordingly,] the trial court may consider hearsay.").

{4} Defendant continues to assert that the officer's lack of first-hand knowledge should be regarded as a fatal deficiency. [DMIO 11-12] However, as we previously observed in the notice of proposed summary disposition, under the applicable "silent witness" theory, such personal knowledge is not required. *See Henderson*, 1983-NMCA-094, ¶ 8 (distinguishing between the pictorial-testimony theory, which entails the presentation of testimony from a sponsoring witness, stating that the image is a fair and accurate representation of the subject matter based on that witness's personal observation, and the silent-witness theory, by which an image speaks for itself and is substantive evidence of what it portrays independent of a sponsoring witness).

Defendant also relies on a number of out-of-state authorities for the proposition that the proponent of recorded imagery should be required to affirmatively establish the reliability of the technical process by which evidence of this nature is generated and/or describe the operation of the recording system. [DMIO 11] Although we acknowledge that such testimony might be of utility, the district court could reasonably have determined that reliability of the recording process was not sufficiently in question to require it in this case. *See id.* ¶ 12 (indicating that the witness "testified about the film developing procedure"); *see generally Martinez*, 2007-NMSC-025, ¶ 24 (observing that once the lower court determines that the prosecution has met applicable foundational requirements, the defendant may challenge reliability; however, where the officer's foundational testimony goes unchallenged, the court does not abuse its discretion in admitting the evidence). We therefore remain unpersuaded by Defendant's evidentiary challenge.

{5}     Defendant's challenge to the sufficiency of the evidence is far more persuasive. We previously observed that the State demonstrated a number of debit cards were stolen and used without permission. [CN 7] However, the only evidence presented by the State to establish Defendant's involvement with the theft and unauthorized use of the cards was the aforementioned surveillance imagery evincing his presence at two of the four locations in which the cards were used, and Defendant's spontaneous claim

of ownership over a pack of cigarettes that was also claimed by the victim as being her cigarettes that were stolen. [CN 7] In the notice of proposed summary disposition, we proposed to hold that this was insufficient, particularly in the absence of any indication that the victim's property was recovered from Defendant or his alleged accomplice. [CN 7-8]

{6}     In its memorandum in opposition, the State confirms that it failed to present any direct evidence that the victim's cards, pack of cigarettes, or other property were recovered from either Defendant or his alleged accomplice. [SMIO 6, 15-16] Nevertheless, it contends that the jury could reasonably have inferred that these items were recovered in the course of the separate arrests, based on Officer Larranaga's testimony that he discussed "certain aspects" of the case with other non-testifying arresting officers at the police substation, after which a number of debit cards and a pack of cigarettes were positively identified by the victim and returned to her. [SMIO 15-16] We disagree. While Officer Larranaga's testimony established that the police had possession of the aforementioned items at the time of the identification, no specific information was supplied to the jury about when, where, or how those items were recovered. This is not a situation in which a single rational inference could be drawn; any number of possibilities suggest themselves. If the officers had indeed obtained the cards and cigarettes in the course of the arrests, as the prosecutor

repeatedly asserted in the course of his opening and closing arguments [SMIO 9; DS 6, 19-22], the State should have presented testimony to that effect. Given the State's inexplicable failure to do so, any inference would entail impermissible speculation, which we decline to indulge. *See State v. Garcia*, 2015-NMCA-094, ¶ 24, 356 P.3d 45 (declining to indulge a speculative inference with respect to a critical matter, where the evidence thereof "was not the type of evidence that was clandestine in nature [that] could only be proved by circumstantial evidence" but, rather, should have been readily adduced from the testimony of the prosecution's own witness), *cert. granted*, 2015-NMCERT-008, 369 P.3d 369.

{7}     The State further contends that the remaining circumstantial evidence should be regarded as sufficient to support the convictions. [SMIO 11-15] However, Defendant's mere presence at two of the four locations where unauthorized uses of the cards occurred, within a six-hour window between the time of the theft and the point at which the cards were presented to the victim at the police substation, [SMIO 12- 13] is insufficient to establish his participation in the crimes at issue. *See generally State v. Green*, 1993-NMSC-056, ¶ 27, 116 N.M. 273, 861 P.2d 954 (agreeing that "mere presence at the location of a crime is not evidence of participation in criminal activity" (alterations and internal quotation marks omitted)). Defendant's spontaneous claim to the package of cigarettes does not supply compelling evidence of guilt either.

6

[SMIO 13-15] We understand the State to contend that insofar as the package of cigarettes was identifiable by the victim as one that had been stolen at the same time as the debit cards, Defendant's claim to them implies that he was involved with the theft and unauthorized use of the debit cards. [SMIO 3, 6-8, 13-15, 17] However, Defendant's failure to *disclaim* the cigarettes (in order to disassociate himself from the crimes) seems equally consistent with an inference of innocence. *See generally Garcia*, 2015-NMCA-094, ¶ 17 ("Evidence equally consistent with two inferences does not, without more, provide a basis for adopting either one—especially beyond a reasonable doubt." (alteration, internal quotation marks, and citation omitted)). In any event, the mere assertion of ownership over the cigarettes is too attenuated to establish Defendant's theft and unauthorized use of the debit cards. *Cf. State v. Sizemore*, 1993-NMCA-079, ¶ 8, 115 N.M. 753, 858 P.2d 420 ("Presence in the proximity of stolen goods is insufficient to support a conviction for receiving stolen property."); *State v. Aragon*, 1990-NMCA-001, ¶ 17, 109 N.M. 632, 788 P.2d 932 ("Possession of stolen property, standing alone, is not enough to justify a conviction of burglary or larceny."). We therefore remain unpersuaded that the State sustained its burden of proof beyond a reasonable doubt.

{8}    Accordingly, for the reasons stated in this Opinion and in the notice of proposed summary disposition, we reverse.

{9}     **IT IS SO ORDERED.**


_____
                                    **JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**J. MILES HANISEE, Judge**