This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **No. 34,095**

**MICHAEL LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Defendant appeals his convictions for shoplifting, auto burglary, and larceny. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition. We affirm.

{2}     **Issue 1:** Defendant continues to claim that the district court erred in admitting alleged hearsay testimony of a co-defendant. [MIO 6, 8] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

{3}     Defendant challenges the admission of out-of-court statements made by co-defendant Yolanda Sombrano to investigators. [MIO 8] Specifically, Defendant claims that the district court erred in ruling that these statements were admissible under Rule 11-804(B)(3) NMRA as statements against penal interest. [DS 8-9] We do not need to consider the admissibility of these statements under the penal interest exception to hearsay. As we observed in our calendar notice, the prior statements were admissible under Rule 11-801(D)(1)(b) NMRA because this witness testified at trial, the statements were consistent with the trial testimony, and they refuted any implicit suggestion that she was not being truthful. As such, the statements were not hearsay, and therefore no exception was needed.

**{4}** **Issue 2:** In our calendar notice, we construed Defendant's argument that the State failed to prove identity as a challenge to the sufficiency of the evidence to support his convictions. [DS 4] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

**{5}** Our calendar notice observed that Defendant's identity was established in two ways. First, Yolanda Sombrano, who was with Defendant at the time of the incident, identified Defendant as the individual who committed the criminal acts in question. [MIO 14] Second, there was videotape of the crimes, and testimony from a Wal-Mart loss-prevention employee identifying Defendant as the perpetrator seen in the video. [DS 5] This individual also knew Defendant prior to this incident. [MIO 5]

**{6}** Defendant claims that the district court erred in allowing the Wal-Mart loss-prevention employee to describe the contents of a surveillance videotape, because he lacked personal knowledge of the events it depicted. [MIO 12] The videotape was admissible at trial under the "silent witness" basis for establishing authentication. *See*

3

*State v. Henderson*, 1983-NMCA-094, ¶ 8, 100 N.M. 260, 669 P.2d 736 In *Henderson*, this Court held that photographic evidence to be admitted under the "silent witness" theory could be authenticated by a witness with knowledge, who testifies "that the thing is what it purports to be." *Id.* ¶ 11. The *Henderson* court went on to find that an officer in charge of the photographing machine, who testified about the developing procedure and her actions in retrieving the film, was adequate foundation and, therefore, the photographs were properly authenticated. *Id.* ¶ 12.

{7}     In this case, the loss-prevention employee had the requisite knowledge to satisfy foundation for admission under *Henderson,* and the videotape was in fact admitted. [RP 81] Because the jury was able to view the videotape, the testimony describing the contents of the tape was cumulative, and we do not believe that Defendant was prejudiced even if we were to conclude that the employee's testimony should have been limited to establishing foundation. *See State v. Crain*, 1997-NMCA-101, 124 N.M. 84, 946 P.2d 1095 (stating that erroneously admitted evidence is insufficiently prejudicial if it is cumulative of other evidence). In addition, the employee had personal, independent knowledge of Defendant's identity [MIO 5], and could testify that the individual depicted on the video was in fact Defendant.

{8}     For the reasons set forth above, we to affirm.

{9}     **IT IS SO ORDERED.**

4

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**STEPHEN G. FRENCH, Judge**